FLINT LAND CO. *v*. GRAND RAPIDS TERMINAL RAILWAY CO.

WRIT OF ASSISTANCE—PROPRIETY OF REMEDY—TITLE TO LAND—
TAX TITLE.

An application for a writ of assistance by a purchaser of the State's bid for taxes to recover possession of the land from a purchaser at a subsequent municipal tax sale is properly dismissed; the proceeding not being appropriate to try the question of title involved.

Appeal from Kent; Wolcott, J. Submitted January 22, 1907. (Docket No. 70.) Decided March 26, 1907.

Petition by the Flint Land Company, Limited, against the Grand Rapids Terminal Railway Company and others for a writ of assistance. From a decree dismissing the petition, petitioner appeals. Affirmed.

*McFarlan & Wilson*, for petitioner.

*Clapperton & Owen* and *L. W. Harrington*, for defendants.

BLAIR, J. This is an application for a writ of assistance to put the applicant into possession of certain lands

under the decree of the circuit court in the above matter, made on the 20th day of March, 1901, for the sale of said lands, for the taxes assessed thereon for the year 1898. February 25, 1905, appellant purchased these lands from the State, receiving deeds for the State, county, and school taxes for the years 1890 to 1899, inclusive, except 1895, certificate of purchase for the taxes of 1901; and tax receipts for the taxes of 1900, 1902, and 1903. The city of Grand Rapids had also, under its charter, proceeded against these lots for its delinquent municipal taxes, and had at various times bid them in, and on April. 15, 1905 (49 days after the purchase by appellant), these municipal taxes were purchased by George Clapperton as trustee for the two respondent railway companies, and he received deed therefor. This deed was for the city, highway, and special improvement taxes for the years 1893 to 1904, inclusive, and purported to convey a title in fee simple absolute. At the time of the purchase of these lots from the State by appellant, they were vacant, and appellant caused the statutory notice of reconveyance to be served upon the original owner, also upon the individual stockholders, and also upon George Clapperton as trustee, the only parties in interest, according to the records. No question is raised upon the regularity of the notice of reconveyance, or of the service of the same, and it is admitted that the six months provided by law was allowed to expire without any attempt having been made to secure reconveyance pursuant to the statute. Appellees, or some of them, were in actual possession of the property, claiming to hold under paramount title. Under this state of facts, the court dismissed the application for the writ, holding that a question of title was involved, to try which petition for the writ of assistance did not afford an appropriate remedy.

Whatever rights the appellees claim are under proceedings subsequent to the entry of the decree, the determination of which was not involved in the proceedings culminating in the decree. The decree has a direct bearing

upon the character and extent of appellant's title, and it may have an important indirect bearing upon the title of appellees, but it never attempted to and necessarily could not pass upon titles obtained upon tax sales had subsequent to its.entry. If the deed, based upon sales by the city under its charter for delinquent taxes of subsequent years not involved in the decree, was valid, then appellees acquired a good title. If the city deed was invalid, it was not because the decree so determined, but because the city could not lawfully sell the lands for taxes while the title stood in the name of the State. Under the specious guise of enforcing the decree of 1901, the petitioner is attempting to try the validity of a title acquired in 1905, which depends upon questions, and involves parties which were not before, and could not be before, the court in 1901.

We think the appellant has misconceived his remedy. The decree is affirmed, with costs to appellees.

CARPENTER, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.