*In re* PETITION OF AUDITOR GENERAL.

SAFETY INVESTMENT CORP. *v.* WOODRUFF.

1. TAXATION—WRIT OF ASSISTANCE AS TO CITY LOT.

Purchaser from State of tax title to a city lot is entitled to a writ of assistance as against parties in possession or having possessory rights, where statutory notice has been served upon each of the several parties appearing to have an interest in the property and no redemption has been had (1 Comp. Laws 1929, § 3535).

2. SAME—HOLDER OF CERTIFICATE FOR NONPAYMENT OF CITY TAXES—INTERVENTION.

Nonresident holder of tax certificate from city for nonpayment of city taxes, acquired subsequently to purchase of State tax title, should not be permitted to intervene in proceedings for writ of assistance where he is not in possession.

Appeal from Wayne; Toms (Robert M.), J. Submitted January 9, 1934. (Docket No. 89, Calendar No. 37,537.) Decided March 6, 1934.

In the matter of the petition of Oramel B. Fuller, Auditor General, for the sale of certain lands for taxes. On petition of Safety Investment Corporation, a Michigan corporation, for writ of assistance as to Donald M. Woodruff and others. Charles H. Wiltsie, holder of tax certificate for nonpayment of city taxes, intervened. Writ denied. Petitioner appeals. Writ ordered granted. Intervener's proceedings stricken.

*Joseph S. McDowell,* for appellant.

NORTH, J. The Safety Investment Corporation obtained from the State a tax title to a lot in the

city of Detroit on which was located an apartment building. The statutory tax notice was served upon each of the several parties appearing to have an interest in the property, proof of such service was properly made and filed in the office of the county clerk of Wayne county, and the six-months' period expired without redemption (1 Comp. Laws 1929, § 3535). Thereafter the Investment Corporation petitioned the circuit court of Wayne county for a writ of assistance. The court refused to issue the writ and the Investment Corporation has appealed.

Notice of the hearing of the petition for the writ of assistance was served upon Donald M. Woodruff, the owner of the fee; upon the Guaranty Trust Company and Howard C. Wade as trustees who had purchased upon foreclosure of a mortgage covering the premises; and also upon Theodore W. Ryan Management Company, a corporation which had possession and charge of the management of the premises. The record discloses that as to each of the above-named parties the petitioner was clearly entitled to the writ of assistance.

When the petition for the writ of assistance was brought on for hearing Charles H. Wiltsie appeared by counsel, filed an answer denying petitioner's right to the writ of assistance and setting up affirmatively that he, Wiltsie, was possessed of two tax certificates received by him incident to sale of the same premises for nonpayment of city taxes. Thereupon it was argued in behalf of all the respondents that there had been a change in the title to the property subsequent to the petitioner's tax title and also that the premises were claimed by another who had title through a subsequent municipal tax sale. The trial judge held that on the record before him the petitioner was not entitled to the writ of assistance,

relying upon *Flint Land Co.* v. *Railway Co.,* 147 Mich. 627, in which the syllabus reads:

"Application for a writ of assistance by a purchaser of the State's bid for taxes to recover possession of the land from a purchaser at a subsequent municipal tax sale is properly dismissed; the proceeding not being appropriate to try the question of title involved."

We think it should not have been held that appellant's petition was controlled by the holding in the *Flint Land Company Case.* Appellant did not cite Mr. Wiltsie, who was a resident of the State of New York, as a defendant or respondent incident to the application for the writ of assistance. There was no reason for making Wiltsie a party defendant to these proceedings because he was not in possession of the property. In his answer to the petition for the writ of assistance Wiltsie only recites that he had previously received and was in possession of the two tax certificates above mentioned as having been issued to him by the city of Detroit, that the "two certificates have not been paid and still constitute a lien on this property," and that such lien was prior to petitioner's lien. Wiltsie did not ask the court for a writ of assistance, but only opposed issuing the writ in behalf of petitioner. As hereinbefore noted, appellant was unquestionably entitled to the writ as against the respondents first-above named, they being the parties in possession or possibly having possessory rights. Wiltsie should not have been permitted to intervene and thereby attempt to inject into the proceedings an issue which the court held could not be tried therein. Such intervention was not in subordination of the proceedings instituted by appellant. In *Flint Land Co.* v. *Railway Co., supra,* the petitioner for the writ of assistance cited as a

party defendant one who not only claimed an adverse title but one who was at that time in possession of the property. This gave rise to the court's holding above quoted.

Appellant asserts that the trial court was in error in permitting Wiltsie to inject his claim into these proceedings, and this contention must be sustained. It follows that as to Wiltsie his appearance and answer should be stricken from the proceedings; and as to the respondents first-above mentioned appellant is entitled to the writ of assistance.

The case will be remanded to the trial court for that purpose. A decree may be taken in this court in accordance herewith, with costs to appellant.

Nelson Sharpe, C. J., and Potter, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred. Fead and Bushnell, JJ., did not sit.